**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Larry M. Lund and Theresa A. Lund,
husband and wife,

Plaintiffs,

**ORDER FOR JUDGMENT**

vs.

Civil No. 00-730 ADM/AJB

United States of America, by and through
the United States Department of
Agriculture, Rural Development Agency,
Acting on behalf of Rural Housing Service
in the State of Minnesota,

Defendant.

---

This matter came before the undersigned on the Motion of the Defendant United States of America ("United States"), for Summary Judgment [Doc. No. 13] pursuant to Fed. R. Civ. P. 56. The Plaintiffs filed no response and made no appearance at the hearing of the motion on May 8, 2001.

The Court has considered the motion, the materials submitted in support thereof and in opposition thereto, and the arguments at the hearing. Being thus duly advised, the Court finds the motion meritorious and that it should be and is hereby in all respects GRANTED.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That judgment be entered in favor of the United States and against Plaintiffs Larry M. Lund and Theresa A. Lund on Plaintiffs' complaint;

2. That judgment be entered for the United States in all issues of the counterclaim;

3. The mortgage foreclosure by advertisement action of the subject real property as

FILED MAY 0 8 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 0 8 2001
DEPUTY CLERK

conducted by the Sheriff of Lyon County and evidence by the Sheriff's Certificate of Sale duly recorded in the Office of the Lyon County Recorder as Document Numbers 124359 and 127825 were proper in all respects;

4. The United States is the owner in fee simple of the subject real property located in Lyon County, Minnesota, and legally described as Lot Five (5), Northland Second Addition to the City of Marshall, Minnesota, subject to easements of record;

5. Plaintiffs Larry M. Lund and Theresa A. Lund are ordered to vacate the subject real property, remove all personal property therein, and deliver possession thereof to the United States within thirty (30) days of the date of this Order; and

6. That, in the event that Plaintiffs Larry M. Lund and Theresa A. Lund fail to voluntarily vacate the subject real property and remove all personal property therein within thirty (30) days of the date of this Order, the Defendant United States will notify the Court to request that the United States Marshal remove the Plaintiffs, their family members and their personal property by force if necessary.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2001

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: -

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEALNO.CIV
Rev. August 11, 1995